**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 15-40064-01-DDC** |
| **BOOKER ZACHERY JOHNSON III (01),** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

Mr. Booker Zachery Johnson III filed a motion asking the court to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 314). He cites the risks that the COVID-19 pandemic present to his health and requests a modification of his sentence. Doc. 314 at 1. The modifications he seeks include a reduction in his sentence of imprisonment to time served and a corresponding addition of home confinement to the terms of his supervised release. *Id.* at 1, 10. The government responded (Doc. 316), and Mr. Johnson replied (Doc. 317).

Mr. Johnson and the government agree on several key points: (1) Mr. Johnson's medical conditions present a circumstance that qualifies as "extraordinary and compelling" under § 3582(c)(1)(A)(i); (2) he has satisfied the relevant exhaustion requirements; (3) he does not necessarily pose a direct and immediate danger to the public; and (4) his release from imprisonment draws near.

This case thus presents the question whether Mr. Johnson's extraordinary and compelling circumstances warrant such a modification given the sentencing factors in § 3553(a). For reasons explained below, the court concludes that they do and grants Mr. Johnson's motion. The court reduces Mr. Johnson's custody sentence to time served, orders home confinement as an

additional term of supervised release for a period of 10 months, and extends the length of his period of supervised release by 10 months.

## I.      Background

In July 2015, the government filed a Complaint (Doc. 1) alleging that Mr. Johnson knowingly, willfully, and unlawfully conspired to distribute more than five kilograms of a mixture and substance containing a detectable amount of cocaine.  Doc. 1 at 1.  If proved beyond a reasonable doubt, these charges violate 21 U.S.C. § 846.  *Id.* at 2.  In February 2016, Mr. Johnson pleaded guilty to the conspiracy charge.  Doc. 129 at 4; Doc. 130 at 1 (Plea Agreement). The Presentence Investigation Report ("PSR") calculated a total offense level of 34 and a criminal history category of II, producing a Guidelines sentencing range of 168 to 210 months' imprisonment.  Doc. 203 at 30 (PSR ¶ 145).  In December 2016, the court sentenced Mr. Johnson to 84 months' imprisonment followed by five years of supervised release.  Doc. 219 at 2.  He is incarcerated at MCFP Springfield.  Doc. 314 at 1 (citing Booker Zachery Johnson, Register No. 15012-031, https://www.bop.gov/inmateloc/).

Mr. Johnson asserts that he "is obese and has been diagnosed with hypertension."  Doc. 314 at 7 (citing Doc. 314-1 at 1 (BOP Record of Current Health Problems (generated June 9, 2020))).  The government acknowledges that Mr. Johnson "currently weighs 299 lbs and stands 5'9'', resulting in a body mass index of 44.1[.]"  Doc. 316 at 13.  Mr. Johnson argues that as "an African-American man with a chronic health condition," he faces "a higher risk of contracting COVID-19 and developing severe, possibly fatal complications."  Doc. 314 at 7 (citations to CDC publications omitted).  The government concedes that Mr. Johnson has "demonstrated medical conditions that qualify as compelling and extraordinary by DOJ and CDC standards." Doc. 316 at 13.  The court agrees as well.

2

Mr. Johnson asserts that the "BOP currently reports three COVID-positive inmates among the MCFP Springfield population," but "lack of widespread testing is likely concealing the true toll of the virus at this facility" because this data reflects "the results of just 34 tests in a facility that houses 884 people."  Doc. 314 at 9–10 (citing COVID-19 *Coronavirus*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/index.jsp (last visited July 28, 2020)).

When Mr. Johnson filed his motion on August 3, 2020, 12 months remained in his 84-month sentence of imprisonment.  Doc. 314 at 1.  As of now, he is scheduled for release in less than 10 months on August 4, 2021.  *See* Booker Zachery Johnson, Register No. 15012-031, https://www.bop.gov/inmateloc/.

## II.      Legal Standard

A "'district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'"  *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014) (quoting *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996)).  The First Step Act[1] permits an inmate to move the court to reduce his sentence under 18 U.S.C. § 3582(c).  But the defendant may file such a motion only after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  18 U.S.C. § 3582(c)(1)(A).

Section 3582(c)(1)(A) authorizes district courts to reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii)

---

[1]      *See* First Step Act of 2018, Pub. L. No. 115-391, § A 603(b)(1), 132 Stat. 5194, 5239 (2018).

"such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]"  18 U.S.C. § 3582(c)(1)(A).

## III.    Discussion

### A.  Exhaustion

The parties agree that Mr. Johnson exhausted his BOP remedies before filing his motion in federal court on August 3, 2020.  *See* Doc. 314 at 3; Doc. 316 at 7 (citing Doc. 314-2 (Warden Denial Letter)).  Satisfied that Mr. Johnson has met the exhaustion requirement of § 3582(c)(1)(A), the court now turns to the substance of his motion.

### B.  Extraordinary and Compelling Reasons

Mr. Johnson seeks to modify his sentence under § 3582(c)(1)(A).  Doc. 314 at 1.  That statute authorizes district courts to reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," the court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]"  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission's applicable policy statement provides that the court may reduce a term of imprisonment, after considering the § 3553(a) factors, if (1) "extraordinary and compelling reasons warrant the reduction,"[2] (2) "the defendant is not a danger

---

[2]    Application Note 1 to § 1B1.13 provides that extraordinary and compelling reasons exist "under any of the [four] circumstances set forth below" in (A) through (D).  *Id.* § 1B1.13 application note 1. Subdivision (A) of Note 1 provides that the medical condition of a prisoner may qualify him for compassionate release, if (i) he is suffering from a terminal illness, or (ii) he is suffering from a serious physical or medical condition that "substantially diminishes" his ability to provide self-care within the prison and he is not expected to recover.  *Id.* § 1B1.13 application note 1(A).  Subdivisions (B) and (C) apply to age and family circumstances not invoked here.  Subdivision (D) supplies a catchall provision:  it applies when as determined by the "Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."  *Id.* § 1B1.13 application note 1(D).

to the safety of any other person or the community," and (3) "the reduction is consistent with this policy statement."  U.S.S.G. § 1B1.13.

The government acknowledges that Mr. Johnson meets some of these requirements.  Its Response notes that "he has . . . demonstrated medical conditions that qualify as compelling and extraordinary by DOJ and CDC standards."  Doc. 316 at 13.  And the government explains that "an inmate [who] presents with one of the named CDC factors, as confirmed by medical records, and who is not expected to recover from that condition, is deemed to have established an extraordinary and compelling reason allowing for compassionate release under Section 3582(c)(1)(A) and the guideline policy statement as detailed in U.S.S.G. Section 1B1.13."  *Id.* at 12; *see also id.* at 12 n.8 (listing DOJ/CDC risk factors that place inmates at higher risk of complications from COVID-19 including "pulmonary hypertension; and severe obesity, defined as a body mass index (BMI) of 40 or above.").

Mr. Johnson has demonstrated a reason for filing a motion under § 3582(c) that qualifies as "extraordinary and compelling" under that statute.  The government also acknowledges that "the defendant does not necessarily pose a direct and immediate danger to society at large[.]" Doc. 316 at 15.  So, the court must now consider the factors in § 3553(a) to determine whether Mr. Johnson's extraordinary and compelling reason warrants the sentence reduction he requests.

### C.  Sentencing Factors Under § 3553(a)

#### 1.  Generally

"Even if the court finds extraordinary and compelling reasons under section 3582(c), the court must still engage in a balancing of the factors listed in section 3553(a) to determine an appropriate sentence."  *United States v. Davis*, No. 03-10157-1-JTM, 2020 WL 3037249, at *4 (D. Kan. June 5, 2020), *reconsideration denied*, No. 03-10157-1-JTM, 2020 WL 3271637 (D.

Kan. June 17, 2020).  The government asserts that despite Mr. Johnson's compelling and extraordinary circumstance, applying § 3553(a)'s factors reveals that Mr. Johnson's medical conditions still "fail to demonstrate a situation so severe that early release from his sentence is warranted."  Doc. 316 at 13–14.  It argues that applying § 3553(a)'s factors to Mr. Johnson's motion "favor against reducing the defendant's sentence to time-served."  *Id.* at 14–15.  The government reasons that though Mr. Johnson "does not necessarily pose a direct and immediate danger to society at large, a reduction to time-served would run counter relative to the nature and seriousness of his offense and the need for his sentence to provide just punishment and otherwise promote respect for the law."  *Id.* at 15 (citations omitted); *see also* 18 U.S.C. §§ 3553(a)(1)–(2)(A).  These facts and arguments resemble another recent compassionate release case from our court.  *See United States v. Shehata*, No. 15-20052-01-JWL, 2020 WL 4530486, at *1 (D. Kan. Aug. 6, 2020) (Lungstrum, J.) (granting motion under § 3582(c)(1)(A), reducing sentence to time served and replacing the unserved portion with home confinement where government conceded that defendant presented qualifying "extraordinary and compelling" reasons and did not present a danger to others).

The court now reviews briefly *Shehata*, where another judge from our court rejected arguments similar to those the government raises here, and explains why this case resembles *Shehata*.  Next, the court explains why the government's arguments about § 3553(a) fail to address fully the analysis that § 3582(c) requires.  Finally, the court applies § 3553(a) to Mr. Johnson's requested sentence modification and concludes that the factors do indeed warrant modification.

In *Shehata*, the United States acknowledged that defendant's age and medical conditions provided the requisite "extraordinary and compelling" reasons for a sentence reduction and did

not assert that defendant represented a danger to the safety of others in violation of § 1B1.13's requirement.  *Id.* at *1.  The government argued that, even so, "a reduction to time served would mean that defendant has not served a sufficient sentence in light of the seriousness of the offense."  *Id.*  But the court rejected that argument.  *Id.*  It reasoned that because defendant "agreed to the imposition of home confinement as a term of his supervised release" for the period during which he would have been imprisoned, the "defendant will essentially serve his entire . . . sentence."  *Id.*  After finding that the "extraordinary and compelling circumstances arising from defendant's risk of serious harm in prison from the virus may only be remediated effectively by his release" and consulting the § 3553(a) factors, *Shehata* concluded that "the period of home confinement (with an additional year of supervised release) satisfy the need for punishment of defendant."  *Id.*  The court reduced the defendant's sentence of imprisonment—by about two years—to time served, ordered two years of home confinement as an additional term of supervised release, and extended defendant's period of supervised release by one year to a total of three years.  *Id.* at *2.

Here, Mr. Johnson seeks a similar modification to his sentence given his own extraordinary and compelling circumstances arising from his individualized[3] risk of serious harm in prison from COVID-19 that only release may remediate effectively.  *See* Doc. 314 at 1.  He requests that the court add home confinement to the terms of his supervised release in place of his remaining period of imprisonment.[4]  *Id.* at 1, 10.  The government does not address this part

---

[3]     As the government points out, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]" *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

[4]     The court "may impose as a condition of supervised release that a defendant 'remain at his place of residence during nonworking hours and, if the court finds it appropriate, that compliance with this condition be monitored by telephonic or electronic signaling devices,' if the condition is imposed 'as an alternative to incarceration.'"  *Shehata*, 2020 WL 4530486, at *1 n.3 (citing 18 U.S.C. §§ 3583(d)(3),

of Mr. Johnson's motion.  *See generally* Doc. 316 at 14–16.[5]  But, as in *Shehata*, the government

emphasizes the gravity of Mr. Johnson's criminal conduct and argues that "a reduction to time-

served would run counter relative to the nature and seriousness of his offense and the need for

his sentence to provide just punishment and otherwise promote respect for the law."  Doc. 316 at

15; *see Shehata*, 2020 WL 4530486, at *1 (noting that the government "argues that a reduction to

time served would mean that defendant has not served a sufficient sentence in light of the

seriousness of the offense."); *see also* 18 U.S.C. § 3553(a)(1).  Indeed, Mr. Johnson committed a

serious felony offense.[6]  When determining his original sentence, the court considered Mr.

Johnson's offense and the need for the sentence imposed "to reflect the seriousness of the

offense, to promote respect for the law, and to provide just punishment for the offense[.]"  *See* 18

---

3583(e)(4), 3563(b)(19)); s*ee also United States v. Begay*, 631 F.3d 1168, 1172 (10th Cir. 2011) (no
findings are required to modify a term of supervised release).  Here, Mr. Johnson asks the court to impose
his requested condition of home confinement in lieu of his continued incarceration.  His motion notes that
he "has 12 months remaining of an 84-month prison sentence" and "requests the court add a special
condition of home detention for 12 months to the 5-year term of supervision that will begin upon Mr.
Johnson's release."  Doc. 314 at 1, 10.  The court construes the motion as requesting that this special
condition replace his remaining period of imprisonment, rather than requesting home confinement for an
absolute period of 12 months.  Because Mr. Johnson "has agreed to home confinement as a term of
supervised release, he is deemed to have waived the right to a hearing on that modification."  *Shehata*,
2020 WL 4530486, at *1 n.3 (citing Fed. R. Crim. P. 32.1(c)).  The court's relief is expressly conditioned
on Mr. Johnson's acceptance of an additional 10 months of supervised release, and thus he is deemed to
have waived a hearing on that modification to his sentence.  If Mr. Johnson does not accept this condition,
he shall immediately notify the court, and the court will vacate this Order.

5       The government argues that the court must reject Mr. Johnson's motion to the extent the court
construes it as a motion for release to home confinement under the CARES Act because only the Director
of the Bureau of Prisons, not the court, has authority to place the defendant on home-confinement under
that statute.  Doc. 316 at 2 (citations omitted).  The court does not perceive Mr. Johnson's filing to make a
motion under the CARES Act.

6       "As reflected in the plea agreement the defendant was determined to be a multi-kilogram
distributor of cocaine, operating in the Topeka, Kansas City, and St. Louis areas.  He received cocaine
that was delivered to him by a co-conspirator who obtained the cocaine in the Houston, Texas area.  The
defendant then distributed the cocaine to a group of known and unknown persons in the Topeka, Kansas
City and St. Louis areas."  Doc. 316 at 15 (citing Doc. 130 at 2 (Plea Agreement)).  Mr. Johnson "was
ultimately held accountable for 116 kilograms of powder cocaine."  *Id.* (citing Doc. 203 at 19 (PSR ¶
79)).

U.S.C. § 3553(a)(1)–(2)(A).  Those factors generally are constant across time.  Here, Mr. Johnson's offense and the need for the sentence imposed to reflect the seriousness of his offense, to promote respect for the law, and to provide just punishment for his offense have not changed since Mr. Johnson's sentencing in December 2016.  So, the government's argument is correct:  a reduction of Mr. Johnson's sentence of imprisonment to time-served would run counter relative to at least some of *those* factors.  But this argument, on its own, cannot justify denying Mr. Johnson's motion because the argument is true by definition, and fails to address fully the issue that § 3582(c) requires this court to analyze.

Section 3553(a) requires the sentencing court to punish a defendant no more than necessary to comply with the purposes set forth in § 3553(a)(2).  Certain § 3553(a) factors are static across time.  It is thus true that those static factors do not support a reduced sentence when the court later reapplies the § 3553(a) factors.  If they did, the court should have entered a lesser sentence in the first place.  The static § 3553(a) factors are constant variables that effectively drop out of the equation comparing the reduced sentence requested to the original sentence through the lens of § 3553(a).  Thus, only non-static factors could possibly account for a shift in the court's analysis of how § 3553(a) applies to defendant.  The key question for the court when considering § 3553(a) and a motion under § 3582(c)(1)(A) thus asks whether the court's analysis of § 3553(a)'s non-static factors has changed enough since sentencing to render appropriate the decrease in punishment that a sentence reduction produces.

So, the government's arguments about factors under 18 U.S.C. § 3553(a)(1)–(2)(A) may be spot on, but if those factors are constant over time, the argument is incomplete if it fails to analyze whether other § 3553(a) factors—those non-static factors that might change over time—

have changed enough to permit the court to conclude that the requested reduced sentence is appropriate when viewed through the lens of § 3553(a).

The court concludes that Mr. Johnson's proposed modified sentence plus an additional 10 months of supervised release, adequately reflects the pertinent § 3553(a) factors in aggregate, including both factors the government discusses.  To support this conclusion, the court notes the remainder of Mr. Johnson's sentence of imprisonment.  As the government acknowledges, Mr. Johnson "has very little time remaining to serve on his sentence[.]"  Doc. 316 at 16.  Mr. Johnson's proposed modified sentence—time served, plus home confinement to replace the time not served—thus resembles the original sentence more closely than the *Shehata* defendant's did.  *Compare Shehata*, 2020 WL 4530486, at *1 (granting motion to reduce sentence to time served and home confinement for remaining 75% of sentence of imprisonment), *with* Doc. 314 at 3 (proposing reduction to time served and home confinement for remaining 12% of sentence of imprisonment).  By similar logic, Mr. Johnson differs from defendants in cases the government cites to support its argument that reducing Mr. Johnson's sentence to time-served "would run counter relative to the nature and seriousness of his offense and the need for his sentence to provide just punishment and otherwise promote respect for the law."  Doc. 316 at 15 (first citing *United States v. Mathews*, No. 14-cr-20427-02, 2020 WL 3498100, at *2–4 (E.D. Mich. June 29, 2020) (denying defendant's motion for compassionate release where the court concluded "[d]rug-related offenses are serious and Defendant has only served 40% of his 151-month sentence" and defendant "would be a danger to others and the community if released."); then citing *United States v. Knight*, No. 15-20283, 2020 WL 3055987 (E.D. Mich. June 9, 2020) (denying motion for compassionate release by severely obese defendant with 43.9 BMI where "his drug trafficking and possession of an AK-47 as a convicted felon demonstrate the danger he

poses to the community[,]" he had "not been free of violations while in prison," and had served

only about 33% of his sentence)).  Unlike the defendants in *Mathews* and *Knight*, Mr. Johnson

has served most of his term of imprisonment. [7]

Reducing Mr. Johnson's sentence to time served would result in less time in prison, and

he thus would serve a less severe sentence than his original judgment ordered.  The magnitude of

difference between a defendant's original sentence and the sentence reduced to time served

depends on how much time the defendant has served to date.  So, the gap between a defendant's

original sentence and a sentence reduced to time served continues to shrink as one approaches

his release date.  And, as *Shehata* noted, the addition of home confinement to the terms of

supervised release can close this severity gap, and possibly eliminate it.  *See Shehata*, 2020 WL

4530486, at *1 ("home confinement in this case means that defendant will essentially serve his

entire . . . sentence"); *see also United States v. Rayford*, No. 09-20143-01-JWL, 2020 WL

4335013, at *3 (D. Kan. July 28, 2020) (granting compassionate release reduction to time served

and adding a 15-month term of special supervised release of home confinement where "the

nature of the defendant's offenses is serious but the seriousness of those offenses was reflected in

the sentence that he received and will complete in home confinement."); *United States v. Plank*,

No. 17-cr-20026-JWL, 2020 WL 3618858, at *4 (D. Kan. July 2, 2020) (granting motion for

reduction of sentence under § 3582 and reducing sentence to time served plus 5 years of home

---

[7]     Both of these cases also differ from the facts here on the question whether defendant is "not a
danger to the safety of any other person or to the community."  § 1B1.13(2).  The courts in both *Mathews*
and *Knight* were unable to conclude that the respective defendant met this requirement.  *See Mathews*,
2020 WL 3498100, at *2; *Knight*, 2020 WL 3055987, at *3.  In contrast, the government here concedes
that "the defendant does not necessarily pose a direct and immediate danger to society at large[.]"  Doc.
316 at 15.

confinement where "Defendant is not simply being relieved of the remainder of his sentence, but must comply with home confinement.").

When the difference between the original sentence and the sentence proposed by a motion under § 3582(c)(1)(A)(i) presents a gap too large, the § 3553(a) factors cannot support the given sentence reduction, even where a defendant faces extraordinary and compelling circumstances. *See United States v. Pope*, No. 16-10039-JTM, 2020 WL 5704270, at *1 (D. Kan. Sept. 24, 2020) ("This court has concluded that compassionate release based on COVID-19 related concerns should be denied where the resulting sentence would materially depart from an appropriate § 3553(a) sentence" (citations omitted)); *United States v. Kaufman*, No. 04-40141-1-JTM, 2020 WL 4196467, at *2 (D. Kan. July 21, 2020) ("Even when an older inmate faces some serious medical condition, compassionate release should be denied if it would radically alter the appropriate § 3553 sentence." (citations omitted)).  But where a defendant has served the vast majority of his term of imprisonment, the gap that results from reducing the sentence to time served is smaller and thus more easily, but not necessarily, cleared by a shift in the court's analysis of § 3553(a) since sentencing.  *Cf. Kaufman*, 2020 WL 4196467, at *2 (denying motion for compassionate release where defendant "is not (as in many of the reported covid-19 decision[s]) seeking a reduction of sentence which would allow him to leave prison a few months ahead of his scheduled departure" but rather "seeks a time-served sentence which would cut in half his . . . sentence").  The size of the severity gap is thus proportional to the degree of change in the court's § 3553(a) analysis necessary to render the sentence reduction appropriate.

Here, the gap between Mr. Johnson's original sentence of imprisonment and a time-served sentence of imprisonment would be about 10 months or roughly 12% of his 84-month sentence.  *See* Booker Zachery Johnson, Register No. 15012-031,

https://www.bop.gov/inmateloc/ (scheduled release date August 4, 2021).  And the home confinement that Mr. Johnson requests in place of his remaining months in prison shrinks this difference in terms of severity.  So, the severity gap between Mr. Johnson's original and modified sentences is the qualitative difference between 10 months in prison and 10 months of home confinement.  As discussed above, cases from this court suggest that this difference is modest.  *See Shehata*, 2020 WL 4530486, at *1 ("home confinement in this case means that defendant will essentially serve his entire . . . sentence"); *Rayford*, 2020 WL 4335013, at *3; *Plank*, 2020 WL 3618858, at *4.[8]

Having clarified the court's § 3553(a) analysis under § 3582(c) and appraised the discrepancy in severity between Mr. Johnson's original sentence to a modified sentence, the court now explains its conclusion that § 3553(a) permits the court to conclude that Mr. Johnson's extraordinary and compelling circumstance warrants the modified sentence.

### 2.  Application of § 3553(a) to Mr. Johnson

When the court sentenced Mr. Johnson in 2016, it adhered to § 3553(a)'s mandate to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in" § 3553(a)(2).  *See* Doc. 279-1 at 13 (Tr. of Sentencing Hr'g).  So, if the court were to analyze the § 3553(a) factors exactly as it did during Mr. Johnson's 2016 sentencing, then a reduced sentence would fall short of sufficiently reflecting those sentencing factors.  But the court's analysis today is not necessarily identical to its earlier application of § 3553(a) to Mr.

---

[8]     As Mr. Johnson implies in his Reply, the difference in severity shrinks even more if the court gives additional weight to time served in prison where COVID-19 affected conditions of defendant's imprisonment.  *See* Doc. 317 at 3 ("The overall risk to his health has the potential to increase the severity of the sentence beyond the 84 months already imposed." (citing *United States v. Mel*, No. CR TDC-18-0571, 2020 WL 2041674, at *3 (D. Md. Apr. 28, 2020) (granting defendant's Emergency Motion to Reduce Sentence where "the actual severity of the sentence as a result of the COVID-19 outbreak [at defendant's institution] exceeds what the Court anticipated at the time of sentencing."))).

Johnson.  The court does not hold its analysis of each of the sentencing factors static across time.
Rather, when the court considers certain non-static § 3553(a) factors when ruling on a motion
under § 3582(c)(1)(A) today, it takes into account facts and circumstances that have emerged
since the court's original sentencing decision.  *See, e.g.*, *United States v. Dobbertin*, No. 12-
20139-01-DDC, 2020 WL 4365542, at *5 (D. Kan. July 30, 2020) (considering facts and events
that occurred during defendant's incarceration when applying § 3553(a) factors to motion to
reduce sentence under § 3582(c)(1)(A)(i)); *United States v. Graham*, No. 99-10023-02-JTM,
2020 WL 4344192, at *1 (D. Kan. July 22, 2020) (same).  While the nature and circumstances of
Mr. Johnson's offense and the need for his sentence to reflect the seriousness of the offense, to
promote respect for the law, and to provide just punishment for the offense have not changed,
other things have.

The obvious example is COVID-19.  The world is now weathering a viral pandemic that
did not exist when the court considered § 3553(a) during Mr. Johnson's sentencing in 2016.  To
apply the court's 2016 view of § 3553(a) to Mr. Johnson now risks failing to adhere to §
3553(a)'s requirement that it impose a sentence "not greater than necessary."  *See Mel*, 2020 WL
2041674, at *3 ("The fact that [defendant] has been incarcerated . . . during a serious outbreak of
COVID-19 inside the facility sufficiently increased the severity of the sentence beyond what was
originally anticipated . . . .").  So, recognizing various developments since the court sentenced
Mr. Johnson, the court considers certain § 3553(a) factors, as applied to him, slightly differently
today than it once did.  *See United States v. Johnson*, No. 5:18-CR-40006-HLT, 2020 WL
4284314, at *3 (D. Kan. July 27, 2020) (rejecting the government's argument that "'releasing the
defendant undervalues the gravity of the crime that he committed and the need to provide just
punishment under the circumstances'" because "[a]lthough the original sentence was appropriate

14

when imposed and the committed crime serious, the Court must also recognize the current risk to Defendant from continued incarceration in light of his multiple serious medical conditions and the COVID-19 pandemic.").  The court thus views in new light sentencing factors like the characteristics of Mr. Johnson, the need to provide him with needed medical care effectively, and the kinds of sentences available.  *See* 18 U.S.C. §§ 3553(a)(1), (2)(D), (3).  Given Mr. Johnson's health conditions and the relative medical risks he faces in prison and in home confinement, each of these factors applied here favors a lesser sentence more today than they did when the court considered them during Mr. Johnson's 2016 sentencing.  This shift overwhelms any consequent increase in concern about unwarranted sentencing disparities across like-defendants under § 3553(a)(6).  *See Johnson*, 2020 WL 4284314, at *3 ("Any disparity in sentencing between Defendant and similar offenders must be considered against Defendant's heightened risk due to his serious medical conditions").

The court's analysis of the § 3553(a) factors, in aggregate, has shifted enough since Mr. Johnson's original sentencing to render appropriate the modified sentence and its reduced severity relative to the original sentence.  The modified sentence reflects the applicable sentencing factors and is sufficient to comply with the purposes set forth in § 3553(a)(2).  The sentencing factors the government emphasizes thus do not preclude modification of Mr. Johnson's sentence under § 3582(c)(1)(A)(i).

## IV.    Conclusion

Mr. Johnson presents a circumstance that qualifies as extraordinary and compelling under § 3582(c)(1)(A)(i).  After considering the factors in § 3553(a), the court concludes that they permit a reduction of Mr. Johnson's sentence to time served, an extension of the period of supervised release to 5 years and 10 months, and the addition of 10 months of home confinement

to the terms of his supervised release, and that such modifications to his sentence are warranted by the extraordinary and compelling circumstances that his medical conditions and the COVID-19 pandemic present.  The "U.S. Probation office has inspected and approved" Mr. Johnson's proposed release plan.  Doc. 317 at 2 (citing Doc. 317-2).  The court thus grants Mr. Johnson's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 314) and modifies his sentence consistent with this Order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Johnson's Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 314) is granted.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant's period of supervised release is hereby extended to a total period of five years and ten months.  All previously-imposed terms and conditions of defendant's supervised release remain in effect.

**IT IS FURTHER ORDERED THAT** the court imposes the following additional condition for defendant's period of supervised release:  Defendant shall be placed on home detention for a period of 10 months, to commence within 10 business days.  During this time, defendant shall remain at his place of residence except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the U.S. Probation Officer.  Defendant shall be required to wear a location monitoring device, which will include Radio Frequency, Global Positioning System and/or Random Tracking at the discretion of the probation officer, and defendant shall abide by all technology requirements.  Defendant shall follow all location monitoring procedures specified by the probation officer, and defendant must contribute toward the cost, to the extent that he is financially able to do so, as directed by the court or the probation officer.

**IT IS FURTHER ORDERED THAT** this Order is stayed for as long as 14 days, for the verification of Mr. Johnson's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure his safe release.  Mr. Johnson shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for him to travel.  There shall be no delay in ensuring that travel arrangements are made.  If more than 14 days are needed to make appropriate travel arrangements and to ensure Mr. Johnson's safe release, the parties shall immediately notify the court and show cause why the court should extend the stay.

**IT IS SO ORDERED.**

**Dated this 8th day of October, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**